The Chancellor.
The demurrer is well taken on several points. The original agreement was made on the 31st of May, 1834, and purports to he between Mary D. Wright, A. P. Wright, Charles Wright, and Mary Wright, heirs at law of Joshua Wright, deceased, of the one part, and George D. Abrahams of the other part, by which the parties of the first part agree to convey to the party of the other part a lot of land, containing five acres, for the consideration of eighty dollars an acre. On the making of the agreement, Abrahams paid down one hundred and fifty dollars. The deed was to be made when the residue of the purchase money was paid. On the thirteenth of September, 1836, Abrahams endorsed on this agreement his promissory note, by which he agreed to pay, to the order of Jemima Chambers, three hundred and fifty dollars, with interest, twelve months after date; and he then assigned to her all his interest in the said agreement, to secure the payment of the said note, the said assignment to be void when the note was paid. In 1838, Jemima Chambers died, leaving several children, and one of them an infant. She left a will, which was proved by Joseph Howell, the executor thereof.
On the 21st of May, 1841, the children of Jemima Chambers then of age, and the one an infant, by her guardian, for the consideration of two hundred dollars, *322 assigned the said agreement to Charles Wright, one of the original parties to the same.
On the 13th of March, 1852, Charles Wright, for the consideration of $200, assigned the said agreement to the complainant.
Mary D. Wright, Aaron P. Wright, and Charles Wright are dead. The bill does not state who are their heirs at law. The bill is filed against Mary Henderson, formerly Mary Wright, the only surviving party to the original agreement. She afterwards married one Henderson, who is deceased. There is but one other defendant, William P. Sherman, the executor of Charles Wright. There is no one before the court to represent Mary D. and Aaron P. Wright.
According to the case made by the bill, the complainant does not show himself entitled to maintain this suit. He claims title through the heirs at law of Jemima Chambers, who assigned the agreement to Charles Wright. The bill ought tó show what right these heirs had to assign the agreement. Jemima Chambers held it merely as a mortgage security. At her death it belonged to her personal representative, and not to her heirs at law. She left a will. Her interest in the agreement passed to Joseph Howell, her executor, unless specifically disposed of by the will. Her heirs at law could no more convey a good title to the agreement than could a perfect stranger to the transaction. On this ground the demurrer is well taken.
The bill is defective for want of parties. Mary and Aaron P. Wright are not represented before the court. At their death, their respective interest in the land descended to their heirs at law, and those heirs should be made parties. The bill does not state who they are. It may be that the defendant, Mary Henderson, is the sole heir to each of the deceased parties to the agreement. This, however, is mere conjecture. If it is so, the bill is defective, for the reason if does not show this fact.
Abrahams is dead, and his personal representative *323 should be a party to the suit. Abrahams did not assign bis interest in the agreement absolutely to Jemima Chambers. It was a conditional assignment, and be retained an interest in the property assigned. Where the mortgagee assigns the mortgage absolutely to a third person, it is not necessary that the mortgagee should be a party to a suit for the foreclosure and sale of the mortgaged premises. But if the assignment is not absolute, but the mortgagee retains an interest in the mortgage security, then be is a necessary party, because he is interested in the suit, and particularly in taking the account of what is due on the security. For the same reason, Abrahams’ personal representative should ho before the court.